UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| CHARLES D. STAMPER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:10-CV-280 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| ERIC SHINSEKI, Secretary, ) | |
| Department of Veteran's Affairs, and ) | |
| ) | |
| ROY FLORES, National Vice-President, ) | |
| American Federation of Government ) | |
| Employees Union, 10th District, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM**

Before the Court are several motions: Defendant Eric Shinseki's, Secretary of the United States Department of Veteran's Affairs ("Department") motion to dismiss (Court File No. 15), the Department's amended motion to dismiss (Court File No. 25), and Defendant Roy Flore's, 10th District National Vice-President of the American Federation of Government Employees ("AFGE") (collectively "Defendants") motion to dismiss (Court File No. 21).[1] In its motions, the Department has also moved to transfer some of *pro se* Plaintiff Charles Stamper's ("Plaintiff") claims, pursuant to Fed. R. Civ. P. 12(b)(3). Plaintiff failed to file a response to any of the motions filed by Defendants. For the reasons set forth in this memorandum, the Court will **GRANT** the Department's motion to transfer the Title VII claims to the Southern District of Mississippi (Court File Nos. 15,

---

[1] The Department originally moved to dismiss the action for failure to state a claim and failure to exhaust administrative remedies, and to transfer for improper venue (Court File No. 15). Since filing the original motion, Defendant has filed an amended motion withdrawing its argument that Plaintiff failed to exhaust administrative remedies with respect to the whistleblowing claim and, instead, asserting that the Court lacks subject matter jurisdiction (Court File No. 25). AFGE also filed a motion to dismiss on various grounds (Court File No. 21).

25), and will **TRANSFER**, *sua sponte*, all of the remaining claims to the Southern District of Mississippi. This transfer will dispose of both Defendants' motions to dismiss (Court File Nos. 15, 21, 25).

I.      **FACTUAL BACKGROUND**

Plaintiff brought this *pro se* action in the United States District Court for the Eastern District of Tennessee. Plaintiff's amended complaint alleges employment discrimination under Title VII of the Civil Rights Act of 1964 (Court File No. 20). Specifically, the original complaint alleges claims of racial discrimination, hostile working environment, and wrongful termination (Court File No. 2).[2] Plaintiff also brings claims of slander and defamation of character against the Defendants (*id.*). Finally, Plaintiff alleges a "violation of the Whistle Blower Act." The Court construes this claim generously to surmise Plaintiff's claim is brought under the Whistleblower Protection Act of 1989, 5 U.S.C. §§ 1201, 1204, 1211-1222 (2006).

At the time of the events alleged in the complaint, Plaintiff worked at the G.V. (Sonny) Montgomery V.A. Medical Center in Jackson, Mississippi. Plaintiff, who is Caucasian, alleges AFGE officials told him they would "make it hard for him to fit in" because the union wanted an African American hired instead of Plaintiff (Court File No. 2). Plaintiff alleges he was subjected to slanderous statements by African American staff members at the facility. He also alleges he was accused of sexual harassment by a female employee. Although Plaintiff reported his complaints and concerns for his "personal safety" to his superiors, Plaintiff alleges nothing was done (*id.*). Among

---

[2] Construing *pro se* Plaintiff's filings generously, it appears he intended his amended complaints to supplement, not replace, the original complaint.

2

other steps taken to seek corrective action, Plaintiff "sought EEO counseling, filed a formal complaint of discrimination and otherwise exhausted all of his administrative remedies" through the Equal Employment Opportunity Commission (*id.*). He also sought relief through the Office of Special Counsel.

Although Plaintiff received a rating of "Fully Successful" on his performance evaluation, he was ultimately terminated from his job for "poor conduct" (*id.*). Plaintiff also alleges that he was subjected to slander and character defamation when he received a "poor [employment] reference by facility officials" *(id.)*.

## II.     STANDARD OF REVIEW

One of the Department's motions seeks transfer for improper venue under Fed. R. Civ. P. 12(b)(3) (Court File No. 15). "On a motion to dismiss for improper venue, the plaintiff bears the burden of proving that venue is proper. The Court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F. Supp. 2d 1014, 1017 (E.D. Mich. 2002) (citations omitted). The court of appeals reviews the district court's determination of whether venue is proper de novo. *Kerobo v. Sw. Clean Fuels Corp.*, 285 F.3d 531, 533 (6th Cir. 2002). "If a defendant prevails on a Rule 12(b)(3) challenge, the Court has the discretion to decide whether the action should be dismissed or transferred to an appropriate court [pursuant to 28 U.S.C. § 1406]."[3] *Audi AG & Volkswagen*, 204 F. Supp. 2d at 1017. The court of appeals reviews this exercise of discretion

---

[3]"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

for abuse. *Kerobo*, 285 F.3d at 533.

### III. DISCUSSION

Plaintiff makes several allegations against both Defendants. In reponse, the Department argues all of Plaintiff's Title VII claims should be transferred to the United States District Court for the Southern District of Mississippi on the grounds of improper venue. The Department requests this Court dismiss the other claims for failure to state a claim pursuant to Rule 12(b)(6) and for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). AFGE argues all claims should be dismissed for a panoply of other reasons.

In what follows, the Court will discuss its rationale for transferring the Title VII claims, as well as Plaintiff's remaining claims, to the Southern District of Mississippi.

#### A. Motion to Transfer

The Department argues that this Court must transfer claims brought under Title VII to a jurisdiction with proper venue. Specifically, the Department asserts Plaintiff's claims of racial discrimination, wrongful termination, and hostile work environment should be transferred to the United States District Court for the Southern District of Mississippi.

Title VII claims are subject to the special venue provision of 42 U.S.C. § 2000e-5(f)(3). The statute provides that venue is proper when brought in the following judicial districts:

> [1] any judicial district in the State in which the unlawful employment practice is alleged to have been committed, [2] in the judicial district in which the employment records relevant to such practice are maintained and administered, or [3] in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

4

42 U.S.C. § 2000e-5(f)(3); *Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, 959 (M.D. Tenn. 2008).

Here, the Court examines each of the statutory grounds for venue to determine the most appropriate judicial district for Plaintiff's Title VII claims. First, at the time of the alleged misconduct, Plaintiff was employed at the G.V. (Sonny) Montgomery V.A. Medical Center in Jackson, Mississippi. All of Plaintiff's allegations of "unlawful employment practice" against his former employer and the AFGE appear to have taken place in Jackson. Further, it is likely that any employment records related to Plaintiff's allegations would be maintained and administered in Jackson, Mississippi. According to Johnston Walker, the staff attorney who handled the administrative proceeding related to Plaintiff's claims, these records are not maintained and administered in Tennessee (Court File No. 16-1). Finally, viewing the facts available in the light most favorable to Plaintiff, Plaintiff would have continued working at the G.V. (Sonny) Montgomery V.A. Medical Center "but for" the alleged unlawful employment practices that eventually led to his termination.

Thus, the proper venue for Defendant's Title VII claims is the Southern District of Mississippi. Venue is improper in the Eastern District of Tennessee under 42 U.S.C. §2000e-5(f)(3) because none of the statutory grounds is applicable. All of Plaintiff's claims that pertain to Title VII—racial discrimination, hostile work environment, and wrongful termination—should therefore be transferred to the Southern District of Mississippi.

### B. Whistleblower Claim and State Law Claims of Slander and Defamation

Defendants raise several arguments in support of the remaining claims being dismissed. The Department argues Plaintiff's slander and defamation claims should be dismissed for failure to state a claim pursuant to Rule 12(b)(6). AFGE argues the slander and defamation claims are barred for

exceeding the statute of limitations. Both Defendants argue the whistleblowing claim should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1). Finally, AFGE raises a number of other claims, such as lack of personal jurisdiction and, with regard to the wrongful termination claim, lack of subject matter jurisdiction.[4,5]

Defendants' motions do not seek transfer of the whistleblower, slander, and defamation claims. Nonetheless, 28 U.S.C. § 1406(a) is a statutory provision that "confer[s] broad discretion in ruling on a motion to transfer." *Stanifer v. Brannan*, 564 F.3d 455, 456-57 (6th Cir. 2009). Hence, transfer of venue may be raised *sua sponte* by the Court. *Flynn v. Greg Anthony Constr. Co., Inc.*, 95 F. App'x. 726, 738 (6th Cir. 2003) ("Congress has enacted a number of statutes that give federal courts the power to transfer cases *sua sponte*. Although each is worded differently and each covers distinct situations, they all state the position that cases should be transferred only when it is in the interests of justice."). Pursuant to § 1406(a), if the Court has a case "laying venue in the wrong division or district [the Court] shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 329 (6th Cir. 1993). Personal jurisdiction over the defendant is not needed to transfer a case to a different venue. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466 (1962); *Pittock*, 8 F.3d at 329.

Because federal question jurisdiction and pendant jurisdiction are the basis for the remaining

---

[4] AFGE's lack of subject matter jurisdiction argument for Plaintiff's "wrongful termination" claim is only relevant if Plaintiff does not intend for it to be considered with his Title VII claims.

[5] Because the Court intends to transfer the Title VII claims pursuant to 42 U.S.C. § 2000e-5(f)(3), it does not need to address AFGE's individual arguments for dismissing the Title VII claims. However, for the record, AFGE raised the following arguments in support of its motion to dismiss the Title VII claims: (1) a union is not a proper defendant, (2) Plaintiff failed to file and exhaust all of his administrative remedies, and (3) Plaintiff's race discrimination and hostile work environment claims violate the prescribed statute of limitations.

claims, a court with proper venue over an officer of the United States and any additional persons joined as parties must meet the venue requirements of 28 U.S.C. § 1391(b).[6]

> Specifically, the action must be brought in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b).

Here, in considering whether the Southern District of Mississippi would be a proper venue, the Court applies each of the § 1391(b) factors. First, none of the Defendants resides in the same state so the first factor is irrelevant to this analysis. However, applying the second factor, a "substantial part of the events or omissions giving rise to the claim occurred" in the Southern District of Mississippi. Plaintiff worked at the G.V. (Sonny) Montgomery V.A. Medical Center located in Jackson, Mississippi. Plaintiff's allegations that employees made slanderous remarks and that defamatory statements were included in his character reference all arose from events that occurred in Jackson. Finally, the third factor is inapplicable because Plaintiff's whistleblowing claim stems from allegations of misconduct that occurred while Plaintiff was in Jackson. Accordingly, because a substantial part of the events occurred in Jackson, the Southern District of Mississippi would be the proper venue for the remaining claims arising from Plaintiff's case.

Applying 28 U.S.C. § 1406(a), the Court can transfer Plaintiff's remaining claims to another district "in the interest of justice," rather than dismiss them. The fact that AFGE argues the Court

---

[6] Although civil actions brought against an officer or employee of the United States or any agency would normally apply the venue requirements of 28 U.S.C. § 1391(e), the Court must apply the venue requirements as would be applicable if the government was not a party when additional parties are joined.

lacks personal jurisdiction is of no consequence because, as noted earlier, § 1406(a) allows a court to transfer venue even if it lacks personal jurisdiction over a defendant. Transferring all of the remaining claims will allow the Southern District of Mississippi to avoid piecemeal litigation and consider all of Plaintiff's claims together. Because the Court can decide Defendants' motions on these grounds, the Court need not address the alternative arguments.

## IV.     CONCLUSION

For the foregoing reasons, venue for this action is improper in the Eastern District of Tennessee. Accordingly, the Court will **GRANT** the Department's motion to transfer the Title VII claims and will **TRANSFER**, *sua sponte*, Plaintiff's remaining claims to the Southern District of Mississippi.

An Order shall enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**